IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROMONA Y. KENNARD, ET AL., § | |
| PLAINTIFFS, § | |
| § | |
| V. § | CIVIL CASE NO. 3:21-CV-1569-G-BK |
| § | |
| FIRE TRUCK, ET AL., § | |
| DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITH PREJUDICE** as frivolous

**I.   BACKGROUND**

On July 7, 2021, Romona Kennard, a Texas resident, filed a *pro se* complaint listing as Defendants "Fire Truck and Studio Car." Doc. 3 at 1. The complaint is nonsensical, and no legal claims are presented. Kennard references a "car local from jailer of County Jail," a "China visit," the "Dvaos Institute," and recent attacks and arrests of Spanish individuals. Doc. 3 at 1. She also mentions a visit to Washington, D.C., and an unspecified incident with a fire truck, and states "the pipeline run my body parts." Doc. 3 at 1. In addition, Kennard purports to sue on behalf of Parkland Hospital and states in the signature line that she is "homeless because CSO got me running" and "on the street." Doc. 3 at 1.

Upon review, Kennard fails to present a cognizable claim and her factual contentions appear irrational and delusional. As such, this action should be dismissed as frivolous.

## II. ANALYSIS

Because Kennard seeks leave to proceed *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).[1] That statute provides inter alia for the *sua sponte* dismissal of a complaint if the Court finds that it is frivolous or malicious. A complaint is frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Kennard has failed to state a cognizable legal claim or anything that can be construed as such. As stated previously, her factual contentions appear irrational and incredible and fail to support any legal claim, *see Denton*, 504 U.S. at 33. Consequently, Kennard's complaint should be dismissed with prejudice as factually and legally frivolous.

## III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint prior to dismissal, but leave is not required when she has already pled her "best case." *Brewster v.*

---

[1] Although Kennard's motion to proceed *in forma pauperis* is unsigned and incomplete, it is more efficient to dismiss the complaint than to require compliance with this Court's filing requirements.

*Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). But as discussed herein, Kennard has failed to plead any legal claim or even a factual scenario from which any legal claim can be inferred. Indeed, she does not even suggest a defendant subject to suit. Based on the most deferential review of her complaint, it is highly unlikely that, given the opportunity, she could allege cogent and viable legal claims. Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

### IV.  SANCTION WARNING

The Court takes judicial notice of Kennard's 17 other cases filed during the past eight years in the Northern District of Texas.[2] At least three of these actions were previously dismissed as frivolous and/or for lack of subject matter jurisdiction. *See Kennard v. Dallas County Jail*, 3:20-cv-03517-B-BN (N.D. Tex. Dec. 29, 2020) (dismissed as frivolous under 28 U.S.C. § 1915(e) as fantastic and delusional); *Kennard v. TDDC County Jail*, 3:18-cv-01629-N-BN (N.D. Tex. Aug. 17, 2018) (same); *Kennard v. Henson*, 3:03-cv-00044-K (N.D. Tex. Jan. 30, 2003) (dismissed for want of jurisdiction). Kennard's remaining actions were dismissed for failure to comply with a court order or for want of prosecution.

Given her filing history, Kennard should be warned that if she persists in filing frivolous, baseless or duplicative actions, or actions over which the Court lacks subject matter jurisdiction, the Court may impose monetary sanctions and/or bar her from bringing any further action. *See* Fed. R. Civ. P. 11(b)(2) and (c)(1) (providing for sanctions against *pro se* litigants or attorneys). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); *see also*

---

[2] *See* PACER Case Locator at https://pcl.uscourts.gov/pcl/pages/welcome.jsf (last accessed on July 9, 2021).

*Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

## V. CONCLUSION

For the foregoing reasons, Kennard's complaint should be **DISMISSED WITH PREJUDICE** as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

In addition, Kennard should be **WARNED** that if she persists in filing frivolous, baseless or duplicative actions, or actions over which the Court lacks subject matter jurisdiction, the Court may impose monetary sanctions and/or bar her from bringing any further action.

**SO RECOMMENDED** on July 16, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).